PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE BAILEY, *et al.*, | ) | |
| | ) | CASE NO. 4:25CV1210 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MAHONING COUNTY PROSECUTORS | ) | |
| OFFICE, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Derreka Clinkscale filed this civil rights action on behalf of Clinkscale and Andre Bailey, Arihsay Colon, Shawn Jones, and Richard Lightner. The named defendants are the Mahoning County Prosecutors Office, Gina Degenova-Zawrotuk, Lynn Maro, John Juhasz, the Youngstown Police Department, Judge W. Wyatt McKay II, and the Ohio BCI Crime Lab. *See* Complaint (ECF No. 1). The Complaint contains a list of 46 alleged constitutional or statutory violations. *See* ECF No. 1 at Page ID #: 3-5. Plaintiffs seek more than one hundred million dollars in relief.

**I.**

As an initial matter, although the case caption identifies Bailey, Colon, Jones, Lightner, and Clinkscale as plaintiffs, only Clinkscale signed the Complaint. *See* ECF No. 1 at PageID #:

(4:25CV1210)

7.  A party may plead and conduct a case in person or through a licensed attorney.  *See* 28 U.S.C. § 1654; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  And an adult litigant who wishes to proceed *pro se*, meaning "on one's own behalf," must personally sign the complaint or petition to invoke the Court's jurisdiction.  *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071, at *1 (6th Cir. May 26, 1988) (Order); *Banks v. Valaluka*, No. 1:15CV1935, 2015 WL 7430077, *3 (N.D. Ohio Nov. 18, 2015) (citing 28 U.S.C. § 1654).  A *pro se* litigant may not represent anyone other than that plaintiff, even if that person is a spouse or a child.  *See e.g.*, *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer"); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotation marks, brackets, and citation omitted); *see also Jackson v. Kment*, No. 13-cv-10819, 2016 WL 1042538, *7 (E.D. Mich. March 16, 2016) (finding plaintiff lacked standing to seek injunctive relief on behalf of "his friends and family members").

Here, there is no suggestion in the Complaint (ECF No. 1) that Clinkscale is a licensed attorney.  And, as a *pro se* litigant, Clinkscale cannot bring claims on behalf of another person.  Because only Clinkscale's signature appears on the pleading, the Court can only consider claims that pertain to Clinkscale.

(4:25CV1210)

## II.

Clinkscale filed an Application to Proceed *in Forma Pauperis* ("IFP") (ECF No. 2). The application, however, is implausible on its face.

Clinkscale filled most of the blanks in the application with "0.00" and left the others blank, suggesting no assets, no debt, no income or support of any kind, and no living expenses, including food, shelter, or utilities. The application was signed "under penalty of perjury" attesting that the information in it was true and acknowledging that "a false statement may result in a dismissal of [] claims." *See* ECF No. 2 at PageID #: 14. The Court notes, however, that Clinkscale listed a Youngstown, Ohio address in the Complaint (ECF No. 1) as residence. Yet Clinkscale offers no explanation of how the residence is provided if not owned or rented, or if Clinkscale is not living with another person who is paying the mortgage or rent, or whether Clinkscale is receiving no support of any kind from anyone else. Clinkscale also lists a phone number in the Complaint (ECF No. 1), which suggests a utility expenses; yet there is no disclosure of such an expense to the Court, or disclosure of a means of support or a source of income to address this expense. It is inconceivable that Clinkscale does not purchase food or obtain food assistance from another source.

At best, Clinkscale has failed to make a sincere attempt to properly complete the IFP application. Construed less generously, it appears that the application was not completed truthfully.

Section 1915(a), 28 U.S.C. permits an indigent plaintiff to avoid payment of court filing fees by filing a sworn application to proceed IFP. But proceeding IFP is a privilege, not a right.

3

(4:25CV1210)

See *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "Under [§ 1915(a)], the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit." *Dandridge v. Hooman*, No. 05-2401-B/P, 2006 WL 27184, at *1 (W.D. Tenn. Jan. 5, 2006). "The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 Fed.Appx. 520, 521 (6th Cir. 2004) (Order) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

      Clinkscale has not provided the Court with credible or plausible information regarding income, expenses, and other factors bearing upon Clinkscale's ability to pay the filing fee. Therefore, the Court is unable to fulfill its obligation to assess Clinkscale's alleged indigency. Accordingly, the Application to Proceed *in Forma Pauperis* ("IFP") (ECF No. 2) is denied. *See Liggins v. Am. Elec. Power Co.*, No. C2-04-502, 2008 WL 2491749, at *2 (S.D. Ohio June 17, 2008) (denying motion to proceed IFP on appeal when plaintiff failed to support motion with sufficient detail to provide the court with adequate information to determine if she lacked the financial resources to pay the filing fee) (citing *Flippin*, 107 Fed.Appx. at 521); *see also Reynolds v. Fed. Bureau of Prisons*, 30 Fed.Appx. 574 (6th Cir. 2002) (Order) (finding that the district court acted within its discretion in denying plaintiff's IFP application when plaintiff did not identify his securities with particularity or offer a credible estimate of their value) (citations omitted).

      Accordingly, this action is dismissed. Clinkscale may move to reopen this case within fifteen (15) days of the date of this Order by paying the full filing fee of $405.00 and filing a

(4:25CV1210)

Motion to Reopen the claims that pertain to a contemporaneous payment of the full filing fee. The Court will not accept any document for filing unless the filing fee is first paid in its entirety.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   September 30, 2025                      /s/ Benita Y. Pearson
Date                                         Benita Y. Pearson
                                                    United States District Judge